UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lia L., | Civ. No. 24-1137 (JWB/SGE) |
| Plaintiff, | |
| v. | ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Leland Dudek, *Acting Commissioner of Social Security*, | |
| Defendant. | |

Edward C. Olson, Esq., Reitan Law Office; and Karl E. Osterhout, Esq., counsel for Plaintiff.

Ana H. Voss, Esq., United States Attorney's Office; Sophie Doroba, Esq., Social Security Administration, counsel for Defendant.

Plaintiff seeks judicial review of the Commissioner of Social Security's denial of her application for supplemental security income. She specifically argues the Administrative Law Judge ("ALJ") erred by not accounting for her documented standing/walking limitations, which are supported in part by her reliance on mobility aids. On January 28, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R") on the matter. (Doc. No. 18.) The R&R recommends denying Plaintiff's request for relief and granting Defendant's request to affirm the Commissioner's decision.

Plaintiff timely objected to the R&R. (Doc. No. 19.) Those portions of the R&R to which objections have been made are reviewed de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). The ALJ's decision is reviewed to assess

whether it is supported by substantial evidence on the record as a whole and whether it adheres to applicable legal standards. *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021).

Because the ALJ failed to evaluate the medical necessity of Plaintiff's cane and walker use under the standard in SSR 96-9p, remand is required. The R&R is therefore rejected in part and the matter is remanded for further proceedings consistent with this Order.

## DISCUSSION

### I.  Background

Plaintiff, who falls in the "closely approaching advanced age" category, alleges disability stemming from fibromyalgia, PTSD, osteoarthritis, and related conditions. (Doc. No. 9, Social Security Administration Transcript ("Tr.") 18–19, 24.) The ALJ recognized multiple severe impairments but determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work. (Tr. 20–24.)

In reaching that conclusion, the ALJ acknowledged Plaintiff's use of a cane or walker, her shuffling and antalgic gait, and her receipt of home health care. (Tr. 23.) Even so, the ALJ found no "ongoing need" for an assistive device. (*Id.*) The RFC determination rested on physical therapy discharge notes showing goal attainment, findings of normal strength, and conservative treatment regimens. (Tr. 24 (citing Tr. 1323, 1334, 1347).)

### II.  Analysis

Plaintiff challenges the RFC finding that she can perform light work—specifically, that she can stand or walk, off and on, for about six hours per workday. *See* SSR 83-10,

1983 WL 31251, at *6 (Jan. 1, 1983). Plaintiff points to her self-reported symptoms of pain and numbness to medical professionals and the documented use of a cane and walker. She contends that the ALJ did not adequately explain how she determined the RFC. (Doc. No. 19, at 3–4, 6.)

The ALJ began by considering Plaintiff's assertions that she suffered from "spine and leg dysfunction, numbness and tingling of her arms and feet," that she could "stand, sit, and walk for only short periods," and used a cane or walker. (Tr. 20.) The ALJ also acknowledged that physical therapy assessments in 2022 showed Plaintiff had an "antalgic and shuffling gait" and "reduced hip motion, back and hip tenderness" as well as "pain in her back and numerous joints." (Tr. 21 (citing Tr. 968–69, 974, 1008).) The ALJ noted that those same assessments showed Plaintiff "required minimal assistance to perform personal care tasks" and had "good ability to move from sitting to standing" and "normal extremity strength." (*Id.* (citing Tr. 967, 969, 1008).) But the ALJ did not explain how those things equate to being able to stand or walk for about six hours per workday.

Significantly, while the ALJ acknowledged Plaintiff's use of a cane or walker, she did not assess whether that use met the standard set forth in SSR 96-9p, which addresses hand-held assistive devices. To find that a hand-held assistive device is medically required, medical documentation is needed (1) establishing that an assistive device is necessary for ambulation, and (2) describing the circumstances in which the device is needed. SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996).

3

When determining relevance to an RFC determination, various courts have made clear that a formal prescription for a hand-held assistive device is not required. *See, e.g.*, *Staples v. Astrue*, 329 F. App'x 189, 191–92 (10th Cir. 2009) ("The standard described in SSR 96–9p does not require that the claimant have a prescription for the assistive device in order for that device to be medically relevant to the calculation of her RFC."). SSR 96-9p calls more broadly for "medical documentation," not a prescriptive order. The Eighth Circuit has not addressed what specific documentation a claimant must provide. *See, e.g.*, *Patricia M. v. Saul*, No. 18-cv-3462 (DSD/HB), 2020 WL 3633218, at *8 (D. Minn. Feb. 5, 2020). But SSR 96-9p requires that the "adjudicator must always consider the particular facts of a case." Therefore, when considering the RFC, clinical notes, treatment observations, or a consistent pattern of documented use of an assistive device linked to functional limitations must be considered. *See Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) ("An ALJ determines a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.") (quotations omitted).

Acknowledging cane use is not enough. An ALJ must address whether that use is medically necessary so it can be determined whether that use limited the claimant's capacity for light or sedentary work. For example, in *Emery v. Berryhill*, No. 17-cv-1988 (TNL), 2018 WL 4407441, at *3–4 (D. Minn. Sept. 17, 2018), remand was required because the ALJ failed to make specific findings on the need for the claimant's cane, which could have affected her sedentary work limitations. "An ALJ's failure to make specific findings about the necessity of a cane impedes the Court's ability to review the

decision." *Keith v. Comm'r of Soc. Sec. Admin.*, No. 2:24-CV-00176 BRW-JTK, 2025 WL 893396, at *3 (E.D. Ark. Mar. 24, 2025), *report and recommendation adopted*, 2025 WL 1161367 (E.D. Ark. Apr. 21, 2025).

Here, Plaintiff—who is in the age category of "closely approaching advanced age"—reported using a walker or cane outside the home and a cane within it. A treating provider documented hip pain for which she used a cane. Other records describe ambulation with a cane, document a history of cane and walker use tied to physical limitations, note her need for personal care assistance, and reference an antalgic and shuffling gait that improved when she used assistive support. In addition, Plaintiff received home health care throughout the relevant period, with documented assistance for toileting, dressing, grooming, hygiene, bathing, and other daily activities. (Tr. 591–98, 1337–38, 1348, 1370–87.)

Yet the ALJ only made the conclusory statement that "the exam findings failed to document the ongoing need for an ambulatory aid[.]" (Tr. 23.) That statement alone does not contain sufficient findings or analysis as to whether cane use was "medically necessary" under SSR 96-9p, and therefore whether it did or did not warrant functional accommodation in the RFC. The ALJ did not connect the dots between her conclusion and the record. *See Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (stating that an ALJ must explain how they "translated [their] understanding of [a claimant's] physical symptoms into the conclusion that [the claimant] could stand or walk for 6 hours of an 8-hour workday"); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Mere

5

summary of the medical record does not suffice. *Newton v. Dudek*, No. 4:23-CV-1382-RHH, 2025 WL 901262, at *6 (E.D. Mo. Mar. 25, 2025).

The Commissioner relies on cases such as *Staples v. Astrue*, 329 F. App'x 189 (10th Cir. 2009), and *Patricia M. v. Saul*, No. 18-cv-3462, 2020 WL 3633218 (D. Minn. Feb. 5, 2020), *aff'd*, 2020 WL 1951748 (D. Minn. Apr. 23, 2020), to suggest that the absence of a formal prescription or a physician's explicit statement of necessity weakens Plaintiff's claim under SSR 96-9p. But those cases are materially distinguishable. In *Staples*, the claimant's cane use was sporadic and unsupported by clinical observation. And in *Patricia M.*, the determination of medical necessity was made based on reference to the specific medical records in that case. Here, multiple providers documented sustained reliance on a cane or walker, directly linked to pain, ongoing impairments in gait, and mobility. (*See* Tr. 614, 672, 710, 752, 881, 934, 951, 966–67, 973, 979, 999, 1007–09, 1023, 1030, 1087–88, 1217, 1337–38, 1452).

The ALJ's omission is material. Whether Plaintiff is capable of light or sedentary work may dictate the outcome of her claim, particularly considering her age classification. The Medical Vocational Guidelines ("Grid") Rule 201.14 directs a conclusion of disabled for an individual closely approaching advanced age, with a high school education, and no transferable skills, who is found to be capable of performing sedentary work. *See* 20 C.F.R. § 404, Subpt. P, App. 2, § 201.14. And a finding that an individual can perform light work includes an expectation that the individual can stand or walk, off and on, for about six hours in an eight-hour workday.

The ALJ did not reconcile the facts referenced above with those baseline physical abilities of light work. It is the ALJ, not the reviewing court, who must articulate a "logical bridge between the evidence and the RFC [she] creates." *Nathan L. v. O'Malley*, No. 23-cv-1310, 2024 WL 3015139, at *3 (D. Minn. May 3, 2024), *R&R adopted*, 2024 WL 3014866 (D. Minn. June 14, 2024).

Remand is therefore warranted so the ALJ can assess whether Plaintiff's cane and walker use is medically necessary under SSR 96-9p—and, if so, whether that limitation must be reflected in her RFC. Once the RFC is determined on remand, the ALJ must then make proper conclusions at Steps 4 and 5. (Notably, the ALJ did not ask the vocational expert about the use of a cane at Step Four, which leaves the record currently incomplete on review.)

## Conclusion

The Court adopts the Report and Recommendation to the extent that it accurately recites the procedural history, standard of review, and general legal framework. But it respectfully declines to adopt the recommendation's conclusion that substantial evidence supports the ALJ's residual functional capacity finding. The ALJ did not apply the standard set forth in SSR 96-9p, and further explanation is required. The ALJ may further develop the record on the issue of medical necessity on remand.

## ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection (Doc. No. 19) is **SUSTAINED IN PART**;

2. The Report and Recommendation (Doc. No. 18) is **ACCEPTED IN PART**

7

and **REJECTED IN PART**;

3. Plaintiff's request for relief (Doc. No. 11) is **GRANTED IN PART**;

4. Defendant's request to affirm the Commissioner's decision (Doc. No. 15) is **DENIED**; and

5. This matter is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: May 28, 2025

                         *s/ Jerry W. Blackwell*
                         JERRY W. BLACKWELL
                         United States District Judge